GORDON SILVER
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
WILLIAM M. NOALL, ESQ.
Nevada Bar No. 3549
E-mail: wnoall@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Proposed Attorneys for Debtor

E-Filed  1-15-10

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

In re:

LAS VEGAS MONORAIL COMPANY,

    Debtor.

Case No.: 10-10464-BAM
Chapter 11

Date:  January 19, 2010
Time:  4:00 p.m.

**SUPPLEMENTAL DECLARATION OF CURTIS L. MYLES, III IN SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR ORDER (I) AUTHORIZING THE DEBTOR TO PAY WAGES, SALARIES, BENEFITS, REIMBURSABLE BUSINESS EXPENSES, AND OTHER EMPLOYEE OBLIGATIONS, AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS**

I, Curtis L. Myles, III, hereby declare as follows:

1. I am over the age of 18 and am mentally competent. I make this declaration in support of the Debtor's *Emergency Motion For Order (I) Authorizing The Debtor To Pay Wages, Salaries, Benefits, Reimbursable Business Expenses, And Other Employee Obligations, And (II) Authorizing And Directing Financial Institutions To Honor And Process Checks And Transfers Related To Such Obligations* (the "Wage Motion"), filed by the Debtor, Las Vegas Monorail Company, a Nevada non-profit corporation ("Debtor" or "LVMC") in the above-captioned case (the "Chapter 11 Case").[1] This Declaration amends, in part, the *Omnibus Declaration Of Curtis L. Myles, III In Support Of Debtor's First Day Motions*.

///

---

[1] All capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Wage Motion.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102200-002/828571.doc

2. I am the President and Chief Executive Officer of LVMC, and have served in that capacity since July 18, 2005.

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of LVMC's operations and finances, information learned from my review of relevant documents, and information supplied to me by other members of LVMC's management and LVMC's various business and legal advisors. If called upon to testify as to the content of this Declaration, I could and would do so.

4. This Declaration is filed on the same date that the Debtor has filed its Wage Motion under Chapter 11, Title 11 of the U.S. Code (the "Bankruptcy Code"). The relief sought in the Wage Motion is critical to LVMC's business operations, will allow for a comprehensive and smooth transition into Chapter 11, and will ensure that the Debtor is provided the opportunity to reorganize successfully.

5. Debtor pays its Employees on variable two-week pay cycles, and the preceding two-week pay cycle ended immediately prior to the Petition Date. Prior to the filing of the Petition, the Debtor transferred from its BofA Account to its payroll processor all amounts due to its Employees for the preceding pay cycle for wages and salaries, excluding Employee-elected withholdings and taxes, which are discussed below ("Wage Obligations"). As of the Petition Date, no Wage Obligations were due.

6. The Omnibus Declaration stated that $98,663.09 for wage and salary obligations, including $2,670.41 for benefits contributions, were transferred to its payroll processor. Subsequent to the filing of the Petition, LVMC learned that this statement was incorrect. Prior to the filing of the Petition, only $56,077.70 was remitted to the Debtor's payroll processor for payment of the Wage Obligations, and LVMC's payroll processor failed to draft amounts due for Tax Obligations (as discussed below). No benefits contributions were paid.

7. Of the total Wage Obligations paid immediately prior to the filing of the Petition, I was paid approximately $6,419.55.

8. The Debtor is required by law to withhold from its Employees' wages certain amounts related to federal income taxes, as well as social security and Medicare taxes, and to

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102200-002/828571.doc

2

remit the same to the appropriate taxing authorities; the Debtor also is required to make payments from its own funds on account of social security and Medicare taxes, and to pay, based on a percentage of gross payroll (and subject to state-imposed limits), additional amounts to the taxing authorities for, among other things, state and federal unemployment insurance (collectively, the "Tax Obligations").

9.  As stated above, LVMC learned subsequent to filing its Petition and the Omnibus Declaration that its payroll processor had failed to draft the amounts then due for the Tax Obligations. Thus, for the immediately-preceding payroll period, LVMC's outstanding Tax Obligations are approximately $29,147.24, consisting of $19,503.82 withheld from Employees' paychecks and $9,643.42 owed directly by the Debtor for its tax contributions and unemployment insurance.

10. In the ordinary course of processing payroll checks for its Employees, the Debtor also withholds certain amounts for various garnishments (such as tax levies, child support, payments to bankruptcy trustees, 401(k) repayments, and student loans) (collectively, the "Garnishments"), which amounts have not yet been forwarded to the respective law firms, government agencies and others who are tasked with collecting the funds.

11. In the ordinary course of its business, the Debtor also accrues amounts for contributions to 401(k) retirement plans, and various health and welfare benefit programs for their Employees (collectively, the "Employee Benefit Plans"). These benefits include health plans (i.e., medical, dental, vision, and life insurance), various benefits plans (i.e., life insurance, disability insurance, accidental death and dismemberment insurance, long-term care and critical illness insurance), and other employee assistance programs. A small number of employees are entitled to vehicle allowances, which total approximately $625.00 per payroll cycle.

12. The contributions made by the Debtor to these Employee Benefit Plans (the "Employee Benefit Contributions") are an integral part of the compensation to which the Debtor's Employees are entitled. The Employee Benefit Contributions which were accrued but unpaid as of the Petition Date consist of approximately $2,670.40 in employer 401(k) contributions. Further, the Debtor has withheld $19,645.60 from its Employees' paychecks for

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102200-002/828571.doc

3

contributions to the 401(k) plan. Of this amount, $15,000 is payable to my retirement account pursuant to my Employment Agreement.

13. The Debtor also permits Employees to accrue various paid time off, pursuant to which Employees are eligible, in certain circumstances, to receive their full wages for, among other things, vacation and/or personal days, among other matters (the "PTO Accruals"). Employees may carry forward up to 40 hours of accrued PTO each year, but Employees are not entitled to receive payment for unused PTO Accruals upon leaving the Debtor's employment. Any PTO accrued in excess of 40 hours per year is forfeited.

14. In the ordinary course of their employment, certain authorized Employees may have used their own personal credit cards or expended their own personal funds on behalf of and for the benefit of the Debtor (the "Reimbursable Business Expenses"), for which Employees may not have been reimbursed. The Debtor cannot provide a definitive amount of Reimbursable Business Expenses as of the Petition Date, but based upon prior business practices, would estimate that that amount does not exceed $1,500.

15. Employees have rendered services and incurred Reimbursable Business Expenses in anticipation of receiving their standard compensation and reimbursements, including the Employee Benefit Contributions and Reimbursable Business Expenses. However, as of the Petition Date, some of these obligations were unpaid and unreimbursed. If the Debtor is unable to take the necessary steps to ensure that its Employee obligations are satisfied for the pay period concluding immediately prior to the Petition Date, I believe there is a significant risk that its essential Employees will resign and that those Employees who remain will be discontented and demoralized. Moreover, upon information and belief, the amounts owed by the Debtor for Tax Obligations are held in trust by the Debtor as a matter of law, and thus are not property of the Estate subject to the claims of other creditors.

16. The Debtor has sufficient cash on hand to honor all of the foregoing employee-related obligations. The Debtor's operations are generating a positive cash flow, prior to debt service, and the Debtor presently has in excess of $1,000,000 either in cash or in its unencumbered bank account as of the Petition Date.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102200-002/828571.doc

4

17. The aggregate of Employee Benefit Contributions, Reimbursable Business Expenses, and PTO Accrual to be paid to or for the benefit of each of the Employees pursuant to this Motion will not exceed $10,950 per Employee per the cap in Section 507(a)(4) of the Bankruptcy Code, except for the retirement plan contribution to be paid on my behalf pursuant to my Employment Agreement, as described above and in the Omnibus Declaration.

18. I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 15th day of January, 2010.

*/s/ Curtis L. Myles, III*
Curtis L. Myles, III

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102200-002/Supplemental Wage Declaration_1

5