The INDENTURE TRUSTEES OBJECTION TO USE OF CASH COLLATERAL
AND MOTION FOR ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361, 363(c)(2) AND 363(e) (Dkt. #13) shall also be continued to Feb. 17, at 1:30 p.m., in Courtroom #3 to be heard concurr[ently]

**Entered on Docket**
**January 22, 2010**

_____
**Hon. Bruce A. Markell**
**United States Bankruptcy Judge**

GORDON SILVER
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
WILLIAM M. NOALL, ESQ.
Nevada Bar No. 3549
E-mail: wnoall@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Proposed Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>LAS VEGAS MONORAIL COMPANY,<br><br>Debtor. | Case No.: 10-10464-BAM<br>Chapter 11<br><br>Date:  January 19, 2010<br>Time: 4:00 p.m. |

**INTERIM ORDER RE EMERGENCY MOTION FOR ENTRY OF AN INTERIM ORDER PURSUANT TO BANKRUPTCY RULE 4001(b) AND LR 4001(b):  (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL BY DEBTOR; (2) GRANTING ADEQUATE PROTECTION ON AN INTERIM BASIS; AND (3) SCHEDULING A FINAL HEARING TO DETERMINE EXTENT OF CASH COLLATERAL AND AUTHORIZE USE OF CASH COLLATERAL BY DEBTOR**

Las Vegas Monorail Company, a Nevada non-profit corporation ("Debtor"), debtor and debtor-in-possession, filed its Emergency Motion For Entry Of An Interim Order Pursuant To Bankruptcy Rule 4001(B) And LR 4001(b):  (1) Initially Determining Extent Of Cash Collateral And Authorizing Interim Use Of Cash Collateral By Debtor; And (2) Scheduling A Final

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102200-002/818304_3.doc

Hearing To Determine Extent Of Cash Collateral And Authorizing Use Of Cash Collateral By Debtor [Docket No. 49] (the "Motion"), which was heard and considered by the above-captioned Court on January 19, 2010. Debtor appeared by and through its proposed counsel, the law firm of Gordon Silver. All other appearances are contained on the Court's record of the proceedings. The Court read the Motion and all others papers and declarations submitted in support of and in opposition to the Motion. The Court entertained the argument of counsel, and finds that the Debtor will suffer immediate and irreparable harm without entry of this Order. Based upon the foregoing, and other good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. All rights and remedies respecting, and objections, positions and arguments concerning, Debtor's use of cash collateral under 11 U.S.C. §363 of the Bankruptcy Code, including the extent, validity and priority of liens of Debtor, Ambac Assurance Corporation ("Ambac"), the Indenture Trustee Wells Fargo Bank, N.A. ("WFB") and Indenture Trustee U.S. Bank National Association ("U.S. Bank," and together with WFB, the "Trustees"), are fully reserved.[1]

2. Project Revenues generated on and after the date of filing of Debtor's Chapter 11 petition ("Postpetition Revenues") shall be placed in the WFB Collection Fund and swept to the Revenue Fund (jointly, the "Funds") pending the Final Hearing.

3. To the extent the Funds at WFB hold insufficient money to satisfy the expenses of the Debtor pursuant to the Initial Budget (as hereinafter defined), some or all of the money in Debtor's account maintained at Bank of America (the "BofA Account") may be transferred to the WFB Collection Fund by Debtor and swept to the Revenue Fund, and such transfer will not affect the parties' rights with respect to such money. No money in the BofA Account may be transferred by Debtor except to the WFB Collection Fund unless otherwise approved by Court order.

4. Debtor may use Cash Collateral, as defined in the Bankruptcy Code, as necessary in

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the meaning as set forth in the Motion.

2

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102200-002/818304_3.doc

accordance with the Five Week Budget attached hereto as **Exhibit "1"** ("Initial Budget") (plus or minus ten percent (10%) on any line item but not exceeding an aggregate amount of plus or minus fifteen percent (15%) for the budget period in question without the written consent of the Trustees and Ambac) to pay the costs of administration and to operate the Debtor's business in the ordinary course pending the Final Hearing (the "Initial Period") in accordance with this Order. Objections to items in the Initial Budget identified by the Trustees and/or Ambac to the Debtor in writing prior to entry of this Order are reserved and not waived. Non-objection to items in the Initial Budget do not constitute a waiver of objections to such items in future budgets.

5.  Debtor will submit to WFB (with copy to Ambac and U.S. Bank) (i) a written statement of necessary expenditures to be paid (a "Requisition"), using the same procedure used prepetition by Debtor and WFB, together with invoices and other information supporting the Requisition. Debtor will promptly deliver to the Trustees and to Ambac such additional invoices, business records, documents and information as those persons or their attorneys or advisors may reasonably request in connection with their review of a Requisition not already provided in support thereof. The Trustees will notify Debtor of any objections to a Requisition by the close of the second business day following delivery of (a) such Requisition, and (b) all requested invoices, business records, documents and information relating thereto not previously provided and requested (the "Requisition Objection Deadline"). The Parties will endeavor in good faith to resolve any such objections. All Requisitions within the scope of an the attached Budget (plus or minus ten percent (10%) on any line item but not exceeding an aggregate amount of plus or minus fifteen percent (15%) of the Budget for the Initial Period) shall be presumed to be acceptable. If the Parties are unable to resolve any objections they may seek relief from the Bankruptcy Court, which all Parties will consent to have heard on an order shortening time. On the Requisition Objection Deadline for any given Requisition, WFB will cause the transfer of the amount of all Requisitions to Debtor's disbursement account, net of any amounts which are subject to an unresolved objection.

_3

**Gordon Silver**
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102200-002/818304_3.doc

6.  The Trustees are granted first-priority replacement liens to the extent of any postpetition diminution in value of their collateral in all Project Revenues generated postpetition (subject to the payment of O&M Expenses in accordance with this Order) and all property acquired postpetition of the type in which the Trustees held a security interest prepetition. The liens thereby granted shall not create any lien upon any claims for relief that Debtor has under 11 U.S.C. §§ 544, 545, 547, 548, and 549. The replacement liens are valid, enforceable, and fully perfected, and no filing or recordation or any other act in accordance with any applicable local, state, or federal law is necessary to create or perfect such liens.

7.  To the extent the replacement liens are insufficient to adequately protect the Trustees for the Cash Collateral used by Debtor postpetition, the Trustees shall have administrative claims under 11 U.S.C. §§ 503(b) and 507(a)(1), with the super priority status set forth in 11 U.S.C. § 507(b) to the extent of any deficiency in full payment of such administrative claim.

8.  The Final Hearing pursuant to Rule 4001(b) will be held on February 17, 2010 at 1:30 p.m. PST at Courtroom no. 3.

9.  Any stay of the relief granted herein pursuant to Bankruptcy Rules 6003 and 6004(h) or otherwise is hereby waived, and this Order shall be effective immediately.

**IT IS SO ORDERED.**

| PREPARED AND SUBMITTED: | **APPROVED**/~~DISAPPROVED~~ |
|---|---|
| GORDON SILVER | LEWIS AND ROCA, LLP |
| By: ___/s/WILLIAM M. NOALL_____<br>GERALD M. GORDON, ESQ.<br>WILLIAM M. NOALL, ESQ.<br>3960 Howard Hughes Parkway, 9th Flr.<br>Las Vegas, Nevada 89169<br>Proposed Attorneys for Debtor | By: ___/s/SUSAN M. FREEMAN_____<br>SUSAN M. FREEMAN, ESQ.<br>40 N. Central Avenue, Suite 1900<br>Phoenix, AZ 85004<br>Email: SFreeman@LRLaw.com<br>Attorneys for Wells Fargo Bank, Indenture Trustee |

_4

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102200-002/818304_3.doc

| | |
|---|---|
| **APPROVED**/~~DISAPPROVED~~ | **APPROVED**/~~DISAPPROVED~~ |
| DORSEY & WHITNEY LLP | MCDERMOTT WILL & EMERY LLP |
| By:  /s/KATHERINE A. CONSTANTINE  <br>    PATRICK J. MCLAUGHLIN, ESQ. <br>    KATHERINE A. CONSTANTINE, ESQ. <br>    50 South Sixth Street, Ste. 1500 <br>    Minneapolis, MN 55402-1498 <br>    Email: mclaughlin.patrick@dorsey.com <br>    Email: constantine.katherine@dorsey.com <br>    Attorneys for U.S. Bank, National Association, as Trustee | By:  /s/WILLIAM P. SMITH  <br>    WILLIAM P. SMITH, ESQ. <br>    227 West Monroe Street, Suite 4400 <br>    Chicago, IL  60606 <br>    Email: wsmith@mwe.com <br>    Attorneys for AMBAC Assurance Co. |

### LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies as follows:

☐   The Court waived the requirement of approval under LR 9021.

☐   This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☒   This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☐   I have certified that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

### ###

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102200-002/818304_3.doc

# EXHIBIT 1

**Las Vegas Monorail Company**

| | Week 1 Proj. 1/21/10 | Week 2 Proj. 1/28/10 | Week 3 Proj. 2/4/10 | Week 4 Proj. 2/11/10 | Week 5 Proj. 2/18/10 | Total |
|---|---:|---:|---:|---:|---:|---:|
| **Cash Receipts** | | | | | | |
| TVM Sales | $458,617 | $420,574 | $400,704 | $405,990 | $455,881 | $2,141,767 |
| Other | 4,148 | 4,658 | 4,039 | 4,477 | 5,060 | 22,383 |
| Recapture of Vault Order | 33,333 | 33,333 | 33,333 | 33,333 | 33,333 | 166,667 |
| **Total Cash Receipts** | 496,099 | 458,566 | 438,077 | 443,801 | 494,275 | 2,330,817 |
| **Operating Cash Disbursements** (1) | | | | | | |
| Bombardier O&M | - | - | 905,038 | - | - | 905,038 |
| Indenture Trustee Fees | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 50,000 |
| Utility Costs - (Electrical) | - | 55,207 | - | - | - | 55,207 |
| Insurance - System (2) | - | - | 155,000 | - | - | 155,000 |
| Insurance - Property | - | 49,583 | - | - | 49,583 | 99,167 |
| Insurance - Director & Officer | - | - | 18,614 | - | - | 18,614 |
| Salaries & Related Costs (3) | 53,590 | 93,695 | 19,704 | 93,695 | - | 260,685 |
| Rent Expense | - | - | 33,835 | - | - | 33,835 |
| Advertising & Marketing Costs | - | - | 15,937 | 15,937 | 15,937 | 47,811 |
| Directors Fees | - | - | 25,000 | - | - | 25,000 |
| Ticketing Costs (4) | - | - | - | - | - | - |
| Admin & Other Expenses | 10,000 | 10,000 | 9,690 | 10,103 | 10,103 | 49,895 |
| Fare Collection Costs | 9,711 | 9,711 | 10,009 | 10,233 | 10,233 | 49,897 |
| Professional Services | - | - | 17,673 | 18,438 | 18,438 | 54,548 |
| Cure Payments (1) | - | - | - | - | - | - |
| Vault Order | 100,000 | - | - | 100,000 | - | 200,000 |
| **Total Operating Cash Disbursements** | 183,301 | 228,197 | 1,220,500 | 258,405 | 114,293 | 2,004,696 |
| **Net Operating Cash Flow** | 312,798 | 230,369 | (782,423) | 185,395 | 379,981 | 326,121 |
| **Bankruptcy Related Cash Disbursements** | | | | | | |
| Professional Fees | - | - | - | - | - | - |
| US Trustee Fee | - | - | - | - | - | - |
| Utility Deposit (5) | 37,750 | - | - | - | - | 37,750 |
| | 37,750 | - | - | - | - | 37,750 |
| **Capital Expenditures** | | | | | | |
| Capital Asset Replacement Program | - | - | - | - | - | - |
| Company Capital Expenditures | - | - | - | - | - | - |
| Total Capital Expenditures | - | - | - | - | - | - |
| **Total Non-Operating Cash Disbursements** | 37,750 | - | - | - | - | 37,750 |
| **Adjusted Net Cash Flow** | **$275,048** | **$230,369** | **($782,423)** | **$185,395** | **$379,981** | **$288,371** |
| Beginning Cash Balance (6) | $1,197,388 | $1,472,435 | $1,702,805 | $920,381 | $1,105,777 | |
| Adjusted Net Cash Flow | 275,048 | 230,369 | (782,423) | 185,395 | 379,981 | |
| Ending Cash Balance | $1,472,435 | $1,702,805 | $920,381 | $1,105,777 | $1,485,758 | |

(1) The amounts shown herein only reflect the payment of post-petition invoices and do not assume the assumption or rejection of any contracts during this period. To the extent that the Company receives court approval for the assumption of certain contracts during this 5-week period, the Company may be required to also cure certain pre-petition amounts outstanding, if any, which would result in additional cash disbursements relative to the amounts shown herein.
(2) The amount shown for Insurance - System is the monthly reserve amount set aside for the annual insurance premium payable at the end of 2010.
(3) Does not reflect the $56,077 that was funded pre-petition and disbursed by ADP post-petition.
(4) While no expenses are expected between now and 2/18, the Company may need to address shipping costs associated with new ticket orders during this 5-week period, which may result in amounts higher than those shown herein.
(5) Estimate subject to revision.
(6) The beginning cash balance includes account balances at both Wells Fargo and Bank of America.