GORDON SILVER
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
WILLIAM M. NOALL, ESQ.
Nevada Bar No. 3549
E-mail: wnoall@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Proposed Attorneys for Debtor

E-Filed On 2-1-10

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

In re:

LAS VEGAS MONORAIL COMPANY,

Debtor.

Case No.: 10-10464-BAM
Chapter 11

Date: March 2, 2010
Time: 10:00 a.m.

**APPLICATION FOR ORDER APPROVING EMPLOYMENT OF
JONES VARGAS AS SPECIAL COUNSEL TO DEBTOR**

Las Vegas Monorail Company (the "Debtor" or "LVMC"), debtor and debtor-in-possession, by and through its proposed counsel, the law firm of Gordon Silver, hereby submits its application (the "Application") for entry of an order in the form attached hereto as **Exhibit "1"** authorizing the retention of Jones Vargas as the Debtor's special counsel.

This Application is made and based on the following points and authorities, the *Omnibus Declaration of Curtis L. Myles, III in Support of Debtor's First Day Motions* (the "Omnibus Declaration") [Docket No. 7],[1] the *Declaration of Kris T. Ballard in Support of Application for Order Authorizing the Employment of Jones Vargas as Special Counsel to Debtor* (the "Ballard Declaration") filed herewith in support of the Application, the pleadings, papers and records on file herein, judicial notice of which is hereby requested, and the argument of counsel entertained by the Court at the time of the hearing of the Application.

---

[1] All capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Omnibus Declaration.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

# I.
# INTRODUCTION

1. On January 13, 2010 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.[2]

2. The Debtor continues to operate its business as debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner, and no official committees have yet been established in this Chapter 11 case.

# II.
# JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

5. The statutory basis for the relief sought herein arises from Sections 327, 1107 and 1108 of the Bankruptcy Code, and Bankruptcy Rules 2002 and 2014.

6. Venue of the Debtor's Chapter 11 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

# III.
# BACKGROUND

A. **Operations of the Monorail**

7. LVMC is a special purpose Nevada not-for-profit corporation organized for the purpose of developing, acquiring, constructing, operating and improving the Las Vegas Monorail (the "Monorail"). In 2000, upon the formation of LVMC, LVMC acquired the original Monorail system from MGM Grand-Bally's Monorail LLC and commenced extension of the system to its current state of seven stations.

8. The Monorail is a state-of-the-art, fully-automated, driverless rail system that runs above the streets along the east-side of Las Vegas Boulevard (a/k/a the "Las Vegas Strip"). It is

---

[2] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

the first driverless public monorail system in the world.[3] The existing operations provide convenient and cost-effective transportation between its seven stations. LVMC's business focuses on making the Monorail an easy and convenient connection to the Las Vegas Strip and the Las Vegas Convention Center. Omnibus Declaration, ¶ 11.

9. Though LVMC benefits from its tax-exempt status due to being a nonprofit entity, it is the first privately-owned public transportation system in the nation to be funded solely by fares and advertising. No other U.S. public transit system finances its operations solely through fare and advertising revenues. LVMC receives no governmental financial support or subsidies. Omnibus Declaration, ¶ 12.

10. The Monorail currently has seven stations along a 3.9-mile route: MGM Grand, Bally's/Paris Las Vegas; Flamingo/Caesars Palace; Harrah's/Imperial Palace; Las Vegas Convention Center; Las Vegas Hilton; and the Sahara. It travels the 3.9-mile route in 15 minutes or less, and reaches speeds of up to 50 miles per hour. It is capable of moving 3,200 passengers per hour in each direction. The Monorail operates 365 days per year, 19 hours per day during the week and 20 hours each day Friday through Sunday.

11. Other facts regarding the background of this case are contained in the Omnibus Declaration, which is incorporated herein in its entirety.

**B. Retention of Jones Vargas**

12. Jones Vargas was initially retained by Debtor's predecessor, MGM Grand—Bally's Monorail Limited Liability Company ("LLC"), as its counsel in connection with legislative and administrative matters relating to a franchise with Clark County. Later, Jones Vargas assisted with the formation of the Debtor in 2000, and represented the LLC in connection with the acquisition by the Debtor of the LLC in September 2000, and the issuance of the Bonds described in the Omnibus Declaration at that time. From the bond closing to April of 2008, Jones Vargas represented Debtor on a variety of matters. On or about April 4, 2008, Debtor retained Jones Vargas as general counsel and corporate counsel of LVMC, a true and correct

---

[3] The Monorail is an "automated guideway," defined by the Federal Transit Administration as an electric railway of guided transit vehicles operating without vehicle operators or other crew onboard the vehicles.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

copy of which is attached hereto as **Exhibit "1."**[4]  Since that time, Jones Vargas has acted as general counsel to the Debtor, representing the company in connection with litigation, contract negotiations, tax matters, and employment matters, among other things.

13.  It is necessary for the Debtor to employ general counsel in this Chapter 11 case, and the Debtor desires to employ Jones Vargas as its general counsel in connection with this Chapter 11 case.  LVMC does not employ in-house counsel.  Jones Vargas's employment will be pursuant to the terms and conditions set forth in the Engagement Agreement, as adjusted as set forth herein and in the Ballard Declaration, with compensation being paid from the Debtor's estate in such amounts as the Court may hereafter allow.

## IV.
## RELIEF REQUESTED

14.  By this Application, the Debtor seeks entry of an order pursuant to Section 327(e) of the Bankruptcy Code to employ and retain Jones Vargas, *nunc pro tunc* to the Petition Date, as special counsel to Debtor in order to provide advice and representation regarding litigation, contract negotiations, tax matters, and employment matters, and to otherwise represent the Debtor's interests, except to the extent such interests are represented by Gordon Silver or any other counsel employed by Debtor, in accordance with Jones Vargas's normal hourly rates in effect when the services are rendered and normal reimbursement policies.

## V.
## SCOPE OF SERVICES

15.  Kris T. Ballard, Esq., a stockholder in Jones Vargas, has been providing legal services the Debtor and its predecessor by merger for approximately 11 years.  During the course of this representation, Mr. Ballard and Jones Vargas have become familiar with the Debtor's business, contracts, litigation, financial affairs, and debt structure.  Accordingly, Jones Vargas has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the ordinary course of the Debtor's business which are outside the scope of the

---

[4] On or about October 20, 2009, Debtor and Jones Vargas entered into an amendment of the Engagement Agreement (the "Amendment"), a true and correct copy of which is attached to the Ballard Declaration as **Exhibit "2,"** with certain redactions to protect work-product.  Pursuant to the Amendment, Debtor provided a retainer of $50,000 to Jones Vargas along with $25,000 in retainers for certain consulting services in connection with anticipated litigation.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

representation by Debtor's other counsel, including the prosecution of actions on Debtor's behalf, the defense of actions commenced against Debtor, the negotiation of contracts, and resolution of disputes in which Debtor is involved. The Debtor wishes to continue its employment of Jones Vargas for the duration of Debtor's bankruptcy case as Jones Vargas is well qualified and uniquely able to provide services to the Debtor which are necessary for its continued operation.

16. Subject to further order of the Court, it is proposed that Jones Vargas be employed to render the following professional services to the Debtor:

   a. Serve as Secretary and General Counsel to Debtor;

   b. Advise the Debtor with regard to corporate law matters, and attend meetings of the Board of Directors and prepare minutes for these meetings;

   c. Counsel the Debtor with regard to debt obligations and contractual relationships with the bond indenture trustee and bond insurer;

   d. Counsel, negotiate, and draft contracts for various business matters, including advertising and vending agreements and leases;

   e. Counsel the Debtor regarding various operational issues and represent the Debtor in connection with the Debtor's Monorail Operation and Maintenance Agreement with Bombardier Transportation Corporation and related performance obligations and deficiencies;

   f. Advise the Debtor in connection with its contractual and real property rights and obligations relating to the resorts and other property owners along the monorail alignment;

   g. Counsel the Debtor with regard to insurance procurement and claims;

   h. Advise Debtor with regard to contractual disputes and represent the Debtor in resulting litigation of such matters, including expert consultants in connection therewith;

   i. Represent the Debtor in administrative matters, including franchise matters with Clark County, matters with the State of Nevada Department

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5

of Business and Industry, and sales/use tax matters with the State of Nevada Department of Taxation; and

j. Advise the Debtor on various matters related to proposed project extensions.

17. Subject to this Court's approval of the Application, Jones Vargas is willing to serve as the Debtor's special counsel to perform the services described above and pursuant to the terms of the Engagement Agreement.

## VI.
## DISINTERESTEDNESS

18. To the best of its knowledge, neither Jones Vargas nor any other stockholder or associate thereof, insofar as Jones Vargas has been able to ascertain after reasonable investigation, has any present connection with Debtor, Debtor's creditors, or other parties-in-interest, except as otherwise set forth in the Ballard Declaration. To the best of its knowledge, neither Jones Vargas nor any of its stockholders or associates hold or represent any interest adverse to Debtor's estate. Additionally, Jones Vargas does not have any connection with the United States Trustee or any persons employed in the Office of the United States Trustee. Jones Vargas's representation of Debtor will not be adverse to Debtor's estate. Ballard Declaration, ¶ 9.

19. Jones Vargas has, from time to time, represented in unrelated matters potential creditors or parties-in-interest in these proceedings. During the course of Jones Vargas's representation of Debtor prior to the Petition Date, Debtor disclosed to Jones Vargas its officers and directors, and Subordinate Bondholders, the participants that it was able to identify as its 1st Tier Bondholders and 2nd Tier Bondholders, and received an initial creditor list to determine any prior or present representation of any creditors or parties-in-interest. From such initial review, up to and including the preparation of its Application, Jones Vargas has continued to review the information provided by the Debtor to determine any previous or present representations of creditors or parties-in-interest and Jones Vargas is unaware of any such previous or present representations of creditors or parties-in-interest, except as follows:

a. Jones Vargas represents Harrah's Entertainment Inc. ("HET") in various

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

matters totally unrelated to Debtor. It appears from records provided to Jones Vargas that HET owns, directly or indirectly, approximately $10,000,000 of the Subordinated Bonds.

b. Jones Vargas represents Wells Fargo Bank, N. A. ("Wells") in various matters totally unrelated to Debtor. It appears from records provided to Jones Vargas that Wells is the indenture trustee of the 1st Tier bonds pursuant to the Senior Indenture.

c. Jones Vargas represents U. S. Bank N.A. ("US Bank") in various matters totally unrelated to Debtor. It appears from records provided to Jones Vargas that Wells is the indenture trustee of the 2nd Tier bonds pursuant to the Senior Indenture.

d. Jones Vargas represents Clark County, a political subdivision of the State of Nevada ("Clark County") in various matters totally unrelated to Debtor. It appears from records provided to Jones Vargas that Clark County granted to Debtor the franchise to operate the monorail on County rights of way and is a contract counter-party of Debtor.

e. Jones Vargas represents the State of Nevada ("State") in various matters totally unrelated to Debtor. It appears from records provided to Jones Vargas that the State is a contract counter-party of Debtor.

f. Jones Vargas represents Nevada Power Company dba NV Energy ("NV Energy") in various matters totally unrelated to Debtor. It appears from records provided to Jones Vargas that NV Energy is a creditor and contract counter-party of Debtor.

g. Jones Vargas represents R & R Partners, Inc. ("R&R") in various matters totally unrelated to Debtor. It appears from records provided to Jones Vargas that R&R is a contract counter-party of Debtor.

h. Jones Vargas represents Anthem Blue Cross Blue Shield ("Anthem") in various matters totally unrelated to Debtor. It appears from records

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

provided to Jones Vargas that Anthem is a creditor and contract counter-party of Debtor.

i. Jones Vargas represents Bank of America, N. A. ("BofA") in various matters totally unrelated to Debtor. It appears from records provided to Jones Vargas that BofA is a contract counter-party of Debtor.

j. Jones Vargas represents AT&T in various matters totally unrelated to Debtor. It appears from records provided to Jones Vargas that AT&T is a creditor and contract counter-party of Debtor.

## VII.
## COMPENSATION

20. Pursuant to the Engagement Agreement, Jones Vargas has received compensation of $320 per hour for services rendered by Mr. Ballard since at least April of 2008, which amount is subject to periodic adjustment. Mr. Ballard's rate is scheduled to be increased to $330 on February 1, 2010. The Debtor proposes that the compensation of Jones Vargas be $330 per hour for Mr. Ballard, $275 to $685 for other stockholders, $175 to $310 for associates, $140 to $170 for paraprofessionals, which amounts are subject to adjustment annually, all subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. The foregoing are Jones Vargas's current customary hourly rates, and Jones Vargas respectfully submits that such rates are reasonable. Jones Vargas will also seek reimbursement of its expenses pursuant to its policies set forth in the Engagement Agreement, which generally involves passing through all properly reimbursable expenses to the client. Ballard Declaration, ¶ 14.

21. Debtor understands that Jones Vargas hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including but not limited to 11 U.S.C. §§ 330 and 331, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred on and after the Petition Date. It is further

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

contemplated that Jones Vargas may seek interim compensation during this case as permitted by Section 331 of the Bankruptcy Code and Bankruptcy Rule 2016. Jones Vargas understands that its compensation is subject to prior Court approval. Ballard Declaration, ¶ 15.

22. The Amendment also provides for an evergreen retainer to Jones Vargas in the amount of $50,000, and for a $25,000 in retainers as a deposit for two consultants in connection with anticipated litigation. Within the one-year period immediately preceding the Petition Date, Debtor paid Jones Vargas the sum of $389,298.48 for legal services rendered both in connection with its restructuring and in the ordinary course of the Debtor's operations. Jones Vargas is also currently holding in retainer the sum of $74,308. Ballard Declaration, ¶ 13.

## VIII.
## NOTICE

19. Debtor shall serve notice of the hearing on this Application on the Office of the United States Trustee for the District of Nevada, Las Vegas; the top twenty (20) unsecured creditors in the Debtor's Chapter 11 case; the Internal Revenue Service; and any entity which files and serves on the Debtor a request for special notice prior to the filing of the Application. The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## IX.
## CONCLUSION

WHEREFORE, the Debtor respectfully requests that it be authorized to employ Jones Vargas as its special counsel, to render legal services as described herein, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court, pursuant to the provisions of Sections 330 and 331 of the Bankruptcy

…

…

…

…

…

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Code. Debtor further requests that the retention be approved *nunc pro tunc* to the Petition Date and for all such other and further relief as is just and proper.

DATED this 1st day of February, 2010.

LAS VEGAS MONORAIL COMPANY,
a Nevada Non-Profit Corporation

By: _____

Prepared and Submitted by:

GORDON SILVER

By: _____
GERALD M. GORDON, ESQ.
WILLIAM M. NOALL, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Proposed Attorneys for Debtor

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

10