**Entered on Docket
April 26, 2010**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: ) | Case No.: BK-S-10-10464-BAM |
| ) | Chapter 11 |
| LAS VEGAS MONORAIL COMPANY, ) | |
| ) | Date:   February 17, 2010 |
| Debtor. ) | Time:   1:30 p.m. |
| _____ ) | |

**ORDER ON ADEQUATE PROTECTION AND SETTING STATUS CONFERENCE**

Subject to the *Opinion on Cash Collateral Motions* ("Opinion") entered concurrently herewith, the court hereby orders the following as adequate protection for the cash collateral interests held by the Trustee[1] and the Second Tier Co-Trustee, US Bank ("Co-Trustee"):

1. ***Deposits at Wells Fargo; Sweeps into Revenue Fund***. LVMC will, for the duration of its case, deposit and maintain of all of the Project Revenues and any other money (including all funds contained in any Debtor in Possession account) in accounts at Wells Fargo Bank ("Wells Fargo"). Wells Fargo will sweep all revenues daily into the Revenue Fund at Wells Fargo in accordance with the Indenture and Financing Agreement. LVMC shall transfer the funds on deposit in any account at Bank of America to the Collection Fund at Wells Fargo.

2. ***Budgets and Cash Flow***.

    a. *Budgeting Process*. LVMC will provide to the Trustee, the Co-Trustee, and Ambac a rolling 13 Week Cash Flow Budget (the "Updated Budget") on the first business

---

[1] All capitalized terms used in this order and not otherwise defined shall have the meanings given to them in the Opinion. If the Opinion does not contain the capitalized term, it shall have the meaning given to it in the Indenture or the Financing Agreement (as the case may be, and as such capitalized terms are defined in the Opinion).

day of each month. The Trustee and the Co-Trustee will each provide LVMC with its estimate of its reasonable postpetition expenses, including professional fees and costs, on a monthly basis, to assist LVMC in budget preparation. LVMC shall provide a reconciliation of the Updated Budget to actual Project Revenues and O&M Costs (a "Variance Report") on a weekly basis. LVMC will consult with the Trustee, the Co-Trustee, and Ambac, and each party will negotiate in good faith to reach a reasonable agreement upon the Updated Budget and its contents, including the setting and estimation of O&M Costs. After agreement, each party will thereafter fully comply in good faith with that Updated Budget. LVMC shall provide LVMC, the Trustee, and the Co-Trustee with monthly financial statements, on or before the fifteenth day of each month, showing actual results compared to the prior month's portion of the Updated Budget. To the extent that LVMC, the Trustee, and the Co-Trustee are unable to reach agreement as to any item on the budget, the Court shall determine the amounts to be included in the Updated Budget, in accordance with a hearing held pursuant to Section 2.d.

     b. *Payment Requisition*. LVMC shall provide the Trustee (with copy to the Co-Trustee and Ambac) with written requests for payment of O&M Costs on a biweekly basis (each a "Requisition"), together with invoices and other information supporting the Requisition, using the same procedure used prepetition by LVMC and the Trustee. LVMC will promptly deliver to the Trustees and to Ambac such additional invoices, business records, documents and information as those persons or their attorneys or advisors may reasonably request in connection with their review of a Requisition not already provided in support thereof. The Trustee will notify LVMC of any objections to a Requisition by the close of the third business day following delivery of (a) such Requisition, and (b) all requested invoices, business records, documents and information relating thereto not previously provided and requested (the "Requisition Objection Deadline"). LVMC, the Trustee, and the Co-Trustee will endeavor in good faith to resolve any such objections. All

Requisitions within the scope of the Updated Budget (plus or minus 10% on any line item but not exceeding an aggregate amount of plus or minus 10% of the Updated Budget on a monthly basis) shall be presumed to be acceptable.

    c. *Payment of Approved Requisitions*. On the applicable Requisition Objection Deadline, the Trustee will transfer (i) the amount of all agreed or Court approved Requisitions from the Revenue Fund to LVMC's disbursement account at Wells Fargo net of any amounts which are subject to an unresolved objection, and (ii) the amount of all agreed or Court-approved Trust Administration Expenses to the Trustees, net any amounts which are subject to an unresolved objection.

    d. *Court Intervention*. LVMC, the Trustee, and the Co-Trustee will endeavor in good faith to resolve any objections to the items contained in the Updated Budget, or any other matter related to LVMC's collection of revenue and payment of expenses. To the extent that LVMC, the Trustee, and the Co-Trustee are unable to reach agreement regarding a Directive (or any portion thereof) or any Updated Budget, the court shall make the final decision, including any determination whether amounts LVMC seeks to pay constitute O&M Costs and are thus properly payable. If court intervention is necessary, all parties are deemed to have consented to have such a request for relief heard on an order shortening time. No party shall seek intervention of the Court with respect to a Directive or disputed Budget amount on less than 5 business days notice absent unanticipated emergencies.

3. *Reporting*. In addition to the financial information provided for purposes above, LVMC shall continue to provide the Trustees and Ambac with notices and Collateral inspection rights as set forth in Section 11.01 of the Financing Agreement.

4. *Replacement Liens*. To the extent of any diminution in value of the Trustee's and Co-Trustee's collateral from the date LVMC filed its case, the Trustee and the Co-Trustee are hereby granted postpetition replacement liens pursuant to Section 361(2) of the Bankruptcy Code in all property acquired postpetition that is of the type in which LVMC had granted a security interest in

favor of such entities prepetition, including any postpetition Net Project Revenues. Any replacement lien granted by this paragraph does not create any lien upon any claims for relief that LVMC has under Sections 544, 545, 547, 548, and 549. All replacement liens granted by this paragraph are valid, enforceable, and fully perfected, and no filing or recordation or any other act in accordance with any applicable local, state, or federal law is necessary to create or perfect such lien.

5. ***Reservation of Rights***. Except to the extent provided herein, nothing in this Order shall constitute a determination of the extent, validity, or priority of any lien, and any right of LVMC or other parties-in-interest to challenge the liens of the Trustees or Ambac is preserved.

6. ***Termination of Order***. This order shall be effective until the earlier of (i) the entry of an order converting this Chapter 11 Case to one under Chapter 7, (ii) the entry of an order dismissing this Chapter 11 Case, or (iii) a subsequent order of this Court or (iv) the effective date of an order confirming a plan of reorganization of LVMC.

7. ***Status Conference***. LVMC, the Trustee, and the Co-Trustee shall, and Ambac and any other party in interest (including the United States Trustee) may, attend a status conference on this Order to be held at the next omnibus hearing date, currently set for May 19, 2010 at 9:30 a.m. At that time, LVMC, the Trustee, and the Co-Trustee shall inform the court of any provision of this order that may not be in accord with their mutual agreements, and the court will then solicit suggestions as to the best way to implement any necessary changes. Any disputes or concerns regarding this order shall also be brought to the court's attention at that time, and the court shall make such orders as may be necessary to implement the provisions of this Order.

Copies sent to:

CM/ECF Electronic noticing
BNC Mailing Matrix

### #