# EXHIBIT B

103

1   LEE R. BOGDANOFF (State Bar No. 119542)
    JONATHAN S. SHENSON (State Bar No. 184250)
2   BRIAN M. METCALF (State Bar No. 205809)
    KLEE, TUCHIN, BOGDANOFF & STERN LLP
3   1999 Avenue of the Stars, 39th Floor
    Los Angeles, California 90067-6049
4   Telephone:   (310) 407-4000
    Facsimile:   (310) 407-9090
5
    Counsel for the Official Committee of
6   Unsecured Creditors

7

**FILED**

**JUL 16 2009**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

**ENTERED**

**JUL 20 2009**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

8                 **UNITED STATES BANKRUPTCY COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10                      **SANTA ANA DIVISION**

11

12   In re

13   FREMONT GENERAL CORPORATION, a
     Nevada Corporation
14
                         Debtor.
15

16   Tax I.D. 95-2815260

17

18

19

20

21

22

23

24

Case No. 8:08-13421-ES

Chapter 11

**ORDER GRANTING MOTION OF
OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR
ORDER TERMINATING THE
EXCLUSIVE PERIODS IN WHICH
ONLY THE DEBTOR MAY FILE A
PLAN AND SOLICIT ACCEPTANCES
THERETO**

Hearing

Date:   July 14, 2009
Time:   10:30 a.m.
Place:  Courtroom 5A
        411 West Fourth St.
        Santa Ana, California

25

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-1698
(310) 407-4000

1    On June 8, 2009, the Official Committee of Unsecured Creditors appointed in the above-

2    captioned chapter 11 bankruptcy case (the "Creditors' Committee") filed and served that certain

3    *Motion Of Official Committee Of Unsecured Creditors For Order Terminating The Exclusive*

4    *Periods In Which Only The Debtor May File A Plan And Solicit Acceptances Thereto;*

5    *Memorandum Of Points And Authorities In Support Thereof* [Docket # 728] (the "Motion")[1] and,

6    in support thereof, the Creditors' Committee filed and served that certain *Declaration Of Hugh*

7    *Steven Wilson In Support Of (I) Motion For Order Pursuant To Local Bankruptcy Rule 9075-1*

8    *Shortening Time And (II) Motion Of Official Committee Of Unsecured Creditors For Order*

9    *Terminating The Exclusive Periods In Which Only The Debtor May File A Plan And Solicit*

10    *Acceptances Thereto* [Docket # 731] (the "Wilson Declaration"), *Declaration Of Deborah Hicks*

11    *Midanek In Support Of Motion Of Official Committee Of Unsecured Creditors For Order*

12    *Terminating The Exclusive Periods In Which Only The Debtor May File A Plan And Solicit*

13    *Acceptances Thereto* [Docket # 732] (the "Midanek Declaration"), and *Declaration Of Jonathan*

14    *S. Shenson In Support Of Motion Of Official Committee Of Unsecured Creditors For Order*

15    *Terminating The Exclusive Periods In Which Only The Debtor May File A Plan And Solicit*

16    *Acceptances Thereto* [Docket # 730] (the "Shenson Declaration", and together with the Motion,

17    the Midanek Declaration and the Wilson Declaration collectively, the "Moving Papers").

18    On June 18, 2009, John Mlynick and Andrey Muthcnik objected to the Motion by and

19    through that certain *Objection To The Motion Of Official Committee Of Unsecured Creditors*

20    *For Order Terminating The Exclusive Periods In Which Only The Debtor May File A Plan And*

21    *Solicit Acceptances Thereto [Docket 728]; And Declaration Of John Mlynick In Support Thereof*

22    [Docket # 755] (the "Mlynick Objection").

23    On June 30, 2009, the Official Committee of Equity Holders joined in the Motion by and

24    through the filing of that certain *Joinder and Support of Relief Requested in Motion of Official*

25    *Committee of Unsecured Creditors for Order Terminating the Exclusive Periods Which Only the*

26    *Debtor May File a Plan and Solicit Acceptances Thereto; Declaration of Philip E Strok in*

27    -

28    [1]    Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the
Motion.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-1698
(310) 407-4000

1

1  *Support Thereof; Filed by Interested Party Official Committee of Equity Security Holders*

2  [Docket # 779] (the "Joinder").

3      On July 6, 2009, the above-captioned debtor and debtor in possession (the "Debtor")

4  objected to the Motion by and through that certain *Fremont General Corporation's Response To*

5  *The Motion Of Official Committee Of Unsecured Creditors For Order Terminating The*

6  *Exclusive Periods In Which Only The Debtor May File A Plan And Solicit Acceptances Thereto;*

7  *Declarations of Donald E. Royer, Ricardo S. Chance, And Theodore B. Stolman In Support*

8  *Thereof* [Docket # 776] (the "Debtor's Objection").

9      On July 10, 2009, the Creditors' Committee objected to certain evidence contained in the

10  declarations submitted by the Debtor in support of the Debtor's Objection by and through that

11  certain *Official Committee of Unsecured Creditors' Evidentiary Objections To Declarations Of*

12  *Donald E. Royer, Ricardo S. Chance And Theodore B. Stolman In Support Of Fremont General*

13  *Corporation's Response To The Motion Of Official Committee Of Unsecured Creditors For*

14  *Order Terminating The Exclusive Periods In Which Only The Debtor May File A Plan And*

15  *Solicit Acceptances Thereto* [Docket # 789] (the "Evidentiary Objection to the Debtor's

16  Objection").

17      On July 10, 2009, the Creditors' Committee also filed and served that certain *Reply Of*

18  *Official Committee Of Unsecured Creditors To Debtors' Response To The Committee's Motion*

19  *For Order Terminating The Exclusive Periods In Which Only The Debtor May File A Plan And*

20  *Solicit Acceptances Thereto* [Docket # 787] (the "Reply") and, in support thereof, that certain

21  *Supplemental Declaration Of Hugh Steven Wilson In Support Of Reply Of Official Committee Of*

22  *Unsecured Creditors To Debtor's Response To The Creditors' Committee's Motion For Order*

23  *Terminating The Exclusive Periods In Which Only The Debtor May File A Plan And Solicit*

24  *Acceptances Thereto* [Docket # 788] (the "Supplemental Wilson Declaration" and together with

25  the Reply, the "Reply Papers").

26      On July 14, 2009 at or about 10:30 a.m., the Court held a hearing (the "Hearing") to

27  consider the Motion. Jonathan S. Shenson appeared at the Hearing on behalf of the Creditors'

28  Committee and other appearances were as noted on the record.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-1698
(310) 407-4000

1   The Court has reviewed and considered the Moving Papers, the Joinder, the Mlynick

2 Objection, the Debtor's Objection, Evidentiary Objection to the Debtor's Objection, and the

3 Reply Papers and all other pleadings, exhibits, documents and evidence submitted in conjunction

4 with the Hearing on the Motion; the arguments and representations of counsel at the Hearing;

5 and the record in this case; and based on the foregoing review and consideration, the Court finds

6 that:

7   A.   The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

8 1334; venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the matter is a core

9 proceeding pursuant to 28 U.S.C. § 157(b)(2);

10   B.   Notice of the Motion and the Hearing was adequate and appropriate under the

11 particular circumstances and complies with the applicable provisions of Title 11 of the United

12 States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure, and the Local

13 Bankruptcy Rules for the Central District of California, and this Court has determined that no

14 other or further notice need be given; and

15   C.   The legal and factual bases set forth in the Motion establish good and sufficient

16 "cause" for the Court to enter an order, pursuant to section 1121(d) of the Bankruptcy Code,

17 terminating the period under section 1121(c)(3) of the Bankruptcy Code in which the Debtor has

18 the exclusive right to solicit and obtain acceptances of a plan and during which time competing

19 plans may not be filed ("Solicitation Exclusivity Period").

20   **THEREFORE, IT HEREBY IS ORDERED THAT:**

21   1.   All objections to the Motion are overruled in their entirety, including, the Debtor's

22 Objection and the Mlynick Objection.

23   2.   The Motion is **GRANTED**, and Solicitation Exclusivity Period shall be, and is

24 hereby, terminated effective as of July 14, 2009.

25

26 DATED: July 16, 2009     _____
27     HONORABLE ERITHE A. SMITH
     UNITED STATES BANKRUPTCY JUDGE
28

3