GORDON SILVER
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
WILLIAM M. NOALL, ESQ.
Nevada Bar No. 3549
E-mail: wnoall@gordonsilver.com
GABRIELLE A. HAMM, ESQ.
Nevada Bar No. 11588
E-mail: ghamm@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Debtor

E-Filed On 10/4/10

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

In re:

LAS VEGAS MONORAIL COMPANY,

Debtor.

Case No.: 10-10464-BAM
Chapter 11

Date: **OST PENDING**
Time: **OST PENDING**

**DEBTOR'S SECOND MOTION FOR AN ORDER EXTENDING THE EXCLUSIVE PERIODS TO FILE ITS PLAN OF REORGANIZATION AND SECURE ACCEPTANCE OF ITS PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C. § 1121(d)**

Las Vegas Monorail Company, a Nevada non-profit corporation ("Debtor" or "LVMC"), debtor and debtor-in-possession, hereby moves this Court for an order approving *Debtor's Second Motion For An Order Extending The Exclusive Periods To File Its Plan of Reorganization and Secure Acceptance of Its Plan of Reorganization Pursuant To 11 U.S.C. § 1121(d)* (the "Motion"),[1] and extending the period in which Debtor has the exclusive right to file its plan of reorganization for an additional time period of up to an including **October 18, 2010**. Debtor further requests that the Court extend the 180-day period for securing acceptance of the plan by an additional time period of up to and including **February 1, 2011**. Debtor's exclusive period to file its plan of reorganization expired on August 17, 2010, on which date Debtor filed

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102200-002/1029566_3.doc

its Plan of Reorganization (the "Plan") [ECF No. 516], and Debtor's exclusive period for securing acceptance of the Plan currently runs through October 18, 2010.

The Motion is made and based on the points and authorities herein, the *Omnibus Declaration of Curtis L. Myles, III In Support of Debtor's First Day Motions* (the "Omnibus Declaration"),[2] the *Second Declaration of Curtis L. Myles, III in Support of Debtor's Motion for an Order Extending the Exclusive Periods to File Its Plan of Reorganization and Secure Acceptance of Its Plan of Reorganization Pursuant To 11 U.S.C. § 1121(d)* (the "Myles Declaration"), the papers and pleadings on file, judicial notice of which is respectfully requested, and the argument of counsel entertained by the Court at the time of any hearing of the Motion.

## I.
## INTRODUCTION

1. On January 13, 2010 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor continues to operate its business as debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner, and no official committees have yet been established in this bankruptcy case (the "Chapter 11 Case").

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O).

5. The statutory basis for the relief sought herein arises from Section 1121 of the Bankruptcy Code.

6. Venue of the Debtor's Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

/ / /

/ / /

---

[2] All capitalized terms not otherwise defined herein shall have those meanings as in the Omnibus Declaration.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102200-002/1029566_3.doc

2

## III.
## BACKGROUND

7. Pursuant to Section 1121(b) of the Bankruptcy Code, a debtor has the exclusive right to file a plan of reorganization for the first 120 days of the case (the "Exclusivity Period"). In this case, the Exclusivity Period was extended by order upon motion of the Debtor to August 17, 2010, and the 180-day exclusive period for securing acceptance of the plan was extended to October 18, 2010, without prejudice to the Debtor's right to seek further extensions.

8. On August 17, 2010, Debtor filed its Plan along with its *Proposed Disclosure Statement to Accompany Debtor's Plan of Reorganization* [ECF No. 517] (the "Disclosure Statement").

9. In response to the Debtor's Plan and Disclosure Statement, Wells Fargo, N.A., as Trustee for the 1st Tier Bondholders, and the Majority 1st Tier Bondholders filed the *Motion of the Indenture Trustee and Majority 1st Tier Bondholders for an Order Terminating Exclusivity* (the "Motion to Terminate Exclusivity") [ECF No. 554]. Debtor disputes the contention in the Motion to Terminate Exclusivity that the movant's negotiations with Debtor regarding the Debtor's reorganization came to an impasse.[3] However, filing of the Debtor's Plan and the Motion to Terminate Exclusivity have encouraged the parties to re-engage in negotiations to reach a consensual plan of reorganization.

10. With the Court's approval [ECF No. 572], the Debtor, the Trustee, the Majority 1st Tier Bondholders, the Director, the 2nd Tier Bondholders, the 3rd Tier Bondholders, Bombardier, and Ambac reached an agreement (the "Stipulation") whereby the Motion to Terminate Exclusivity will be heard on November 9, 2010, at 3:00 p.m. Accordingly, the Debtor will have until October 26, 2010 to oppose the Motion to Terminate Exclusivity, and the movants will have until November 2, 2010 to file their reply to any opposition.

11. Further, the Stipulation provides for continuance of the hearing on the Debtor's Disclosure Statement and the *Motion to Approve Classification of Claims Pursuant to Fed. R.*

---

[3] Acknowledging that negotiations stalled in no way constitutes an admission of any of the allegations contained in the Motion to Terminate Exclusivity regarding the Debtor's alleged refusal to negotiate. The Debtor vehemently disputes the Trustee's and the Majority 1st Tier Bondholders' characterization of the parties' negotiations.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102200-002/1029566_3.doc

3

*Bankr. P. 3013* [ECF No. 541] to November 17, 2010. Accordingly, parties will have until November 3, 2010 to file oppositions thereto and the Debtor will have until November 10, 2010 to file its reply to any oppositions.

12. Pursuant to the Stipulation, the extension of exclusivity sought by this Motion is subject to, and is without waiver of, the Motion to Terminate Exclusivity and *AMBAC Assurance Corporation's Limited Joinder to Motion of Indenture Trustee and Majority 1st Tier bondholders for an Order Terminating Exclusivity* [ECF No. 566].

13. By this Motion, Debtor is seeking to extend the Exclusivity Period for the filing of Debtor's plan of reorganization up to and including October 18, 2010. Debtor also requests that the Court extend the 180-day exclusive period for securing acceptance of the plan up to and including February 1, 2011.[4]

14. Notice of this Motion has been provided to (i) Office of the United States Trustee and (ii) those parties which have filed notices of appearance in this case. Debtor submits that no other or further notice need be given.

## IV.
## LEGAL AUTHORITY

Section 1121 of the Bankruptcy Code authorizes a court to extend the time period within which a debtor may file a plan of reorganization. Section 1121 provides in pertinent part:

> (d) On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. 1121(d) (emphasis added).

The decision to extend a debtor's exclusive filing period is committed to the sound discretion of the bankruptcy court, based upon the facts and circumstances of each particular case. See, e.g., First American Bank of New York v. Southwest Gloves and Safely Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986).

---

[4] February 1, 2010 is the Tuesday following the projected date of the confirmation hearing, which will allow the exclusive period for soliciting acceptance of the Debtor's plan to continue through the date of the confirmation hearing and account for the potential continuance of the confirmation hearing into the following week.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102200-002/1029566_3.doc

4

Courts apply the term "cause" flexibly in order to allow the debtor adequate time to reach an agreement with creditors on a plan. In re McClean Industries, Inc., 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (quoting H.R. Rep. No. 595, 95th Cong., 2d Session 231 (1978), U.S. Code Cong. & Admin. News, 1978, pp. 5963, 6190). The legislative history of section 1121 makes it clear that Congress intended to grant courts the discretion to extend the Exclusivity Period to meet the needs and circumstances of the debtor:

> The Court is given the power, though, to increase or reduce the [exclusivity period] depending on the circumstances of the case. For example, if an unusually large company were to seek reorganization under Chapter 11, the Court would probably need to extend the time in order to allow the debtor to reach an agreement.

H.R. Rep. No. 95-595, 95th Cong., 1st Session 231-32 (1978) (citations omitted).

In interpreting section 1121, courts consider various factors, including: (i) the size and complexity of the debtor's case, In re Perkins, 71 B.R. 294, 297-99 (Bankr. W.D. Tenn. 1987); In re United Press International, Inc., 60 B.R. 265, 269 (Bankr. D.C. 1986); (ii) the existence of good faith progress toward reorganization, In re Pine Run Trust, Inc., 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986); In re Swatara Coal Co., 49 B.R. 898, 900 (Bankr. E.D. Pa. 1985); and (iii) the existence of an unresolved contingency, In re Swatara Coal Co., 49 B.R. at 899-900.

The key factor in determining whether to grant extension of the Exclusivity Period is whether the debtor-in-possession has had "a reasonable period in light of the bankruptcy case in its entirety" to formulate, propose, and solicit the required acceptances of a plan. In re McClean Industries, Inc., 87 B.R. at 834. In a "large and complex case requiring tremendous coordination to administer …[i]t is not unreasonable for a [debtor] to request an extension to make intelligent, informed decisions with respect to the direction and future of the business." In re Service Merchandise Co., Inc., 256 B.R. 744, 752 (Bankr. M.D. Tenn. 2000). See also In re United Press International Inc., 60 B.R. at 269 (allowing a three-month extension of the exclusivity period to file a plan where the debtor had shown diligence in moving quickly in a complex case with multiple adversary proceedings).

The Debtor respectfully submits that cause exists for the extension requested herein. Despite involving a single debtor with a single business purpose, this Chapter 11 Case has

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102200-002/1029566_3.doc

5

1  proved to be extraordinarily complex, primarily as a result of the Debtor's convoluted conduit-
2  financing structure. Myles Declaration, ¶ 4. All of the parties with a significant interest in the
3  Debtor's restructuring – the State of Nevada, Bombardier, the Trustee, the 1st Tier Bondholders,
4  the 2nd Tier Bondholders, the 3rd Tier Bondholders, Ambac, and the Office of the
5  Commissioner of Insurance for the State of Wisconsin, in addition to the Debtor, the Debtor's
6  trade creditors, and the public, have competing interests that have proven difficult to balance. Id.
7  Despite these diverse interests, and notwithstanding the contrary allegations of the Trustee, the
8  Debtor has attempted to negotiate a consensual plan of reorganization in good faith. Id. While
9  these negotiations may have stalled for a relatively short period of time, the Debtor and the 1st
10 Tier Bondholders have recently recommenced negotiations, prompted by the Plan, the Motion to
11 Terminate Exclusivity, and the active involvement of the Majority 1st Tier Bondholders. Myles
12 Declaration, ¶ 5.

Extension of the Exclusive Period will allow the parties to attempt to reach agreement as to critical provisions of the Plan without the distractions of litigating the Motion to Terminate Exclusivity, preparing for a hearing on the Disclosure Statement, and addressing competing plans. Id.

The Debtor has been diligent and has shown good faith in progressing towards a successful conclusion to this case. Myles Declaration, ¶ 6. From the time that the Court granted the Debtor's first motion to extend the Exclusive Period to the present, the Debtor has engaged in extensive analysis of its restructuring options and has consulted extensively with the various constituencies, including two in-person meetings with the Majority 1st Tier Bondholders. Id. The Debtor has worked extensively with its financial advisor, Alvarez & Marsal, to develop its financial projections, including further analysis of its CAPEX projections. Id. In addition to working with the Debtor to develop its financial projections, Alvarez & Marsal has developed an analysis of the liquidation value of the Debtor's assets. Id.

At the outset of its Chapter 11 case, Debtor committed itself to: (a) maximize the value of its assets as a going concern; (b); cooperate with its creditors and all other involved parties and (c) conclude this bankruptcy case as quickly and cost effectively as possible. Debtor

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102200-002/1029566_3.doc

6

continues to hold firm to this commitment. Myles Declaration, ¶ 7.

Debtor respectfully submits that it should be entitled to complete this process in a cost effective and timely manner without the very real risk of further uncertainty and delay associated with a lapse of the Exclusivity Period.

## V.
## CONCLUSION

WHEREFORE, Debtor respectfully requests that the Court enter an Order (i) extending the Exclusivity Period for the filing of Debtor's plan of reorganization for an additional time period up to an including October 18, 2010 and (ii) extending the 180-day period Debtor for securing acceptance of its plan of reorganization up to an including February 1, 2011. Debtor seeks such other relief as the Court deems just and proper.

DATED this 1ST day of October, 2010.

GORDON SILVER

By: _____
GERALD M. GORDON, ESQ.
WILLIAM M. NOALL, ESQ.
GABRIELLE A. HAMM, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Debtor

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102200-002/1029566_3.doc

7