SYLVESTER & POLEDNAK, LTD.
Jeffrey R. Sylvester, Esq. (NV Bar No. 4396)
7371 Prairie Falcon Rd., Suite 120
Las Vegas, NV 89128
Telephone: (702) 952-5200
Facsimile: (702) 952-5205
E-mail: jeff@sylvesterpolednak.com

DORSEY & WHITNEY LLP
Katherine Constantine, Esq. (MN Bar No. 0123341)*
Patrick J. McLaughlin, Esq. (MN Bar No. 0071080)*
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868
E-mail: constantine.katherine@dorsey.com
       mclaughlin.patrick@dorsey.com

* Admitted *pro hac vice*

*Counsel for U.S. Bank National Association, as 2nd Tier Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. 10-10464-BAM |
| LAS VEGAS MONORAIL COMPANY, a Nevada non-profit corporation, | CHAPTER 11 |
| Debtor. | |

**RESPONSE OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, TO THE DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION, AS FURTHER REVISED**

U.S. Bank National Association ("U.S. Bank" or the "2nd Tier Trustee"), as successor in interest to Wells Fargo Bank, N.A. ("Wells Fargo" or the "1st Tier Trustee") and successor trustee with respect to the Las Vegas Monorail Project Revenue Bonds 2nd Tier Series 2000 (the "2nd Tier Bonds") and co-trustee under that certain Senior Indenture dated September 1, 2000 (the "Senior Indenture"), by and through its undersigned attorneys, submits the following response to The Debtor's Third Amended Plan of Reorganization, As Further Revised [Docket No. 956] (the "Plan"), and respectfully states as follows:

1.      U.S. Bank is a co-trustee and successor trustee pursuant to the Senior Indenture, as amended or supplemented, by and between the Director of the State of Nevada Department of Business and Industry and Wells Fargo, and by that certain Co-Trustee Administration Agreement dated as of November 1, 2009, as further amended, by and between the 1st Tier Trustee and the 2nd Tier Trustee, with respect to the Las Vegas Monorail Project Revenue Bonds 1st Tier Series 2000 and the 2nd Tier Bonds.

2.      Under the Plan, the claims of the 2nd Tier Bondholders[1] are classified in Class 6. *See* Plan, § 5.4.

3.      Plan Sections 5.4 and 6.3.3 are inconsistent. Section 6.3.3. of the Plan provides for the continuation of the "1st and 2nd Tier Indenture," despite the modification of the 1st and 2nd Tier Indenture. *See, e.g.*, Plan § 5.4. Accordingly, to address these inconsistencies, Plan Section 6.3.3. should be modified to include the following underscored language:

> None of the 1st Tier Note, the 2nd Tier Obligation and the 3rd Tier Note shall be a payment obligation of Reorganized LVMC, and the 1st Tier Note and the 1st and 2nd Tier Indenture shall continue in effect, except as provided in this Plan. . . . .

4.      The Plan definition of "Record Date" should be modified to avoid any ambiguity in the identification of the 2nd Tier Bondholders. In the Plan, the 2nd Tier Bondholders are defined as the holders "of one or more 2nd Tier Bonds pursuant to the 1st and 2nd Tier Indenture as identified on the bond registration books of the Bond Registrar on the Record Date." Plan, § 1.1.14 (emphasis added). However, "Record Date" is defined as "(i) July 6, 2011 for Plan voting purposes, and (ii) the date provided for in the Confirmation Order on which the identity of the Holders of 1st Tier Bond Claims shall be determined for Plan and distribution purposes." Plan, § 1.1.134. Accordingly, to

---

[1]     Unless otherwise defined, capitalized terms shall have the meanings contained in the Plan.

address this issue, Plan Section 1.1.134 should be modified to include the following underscored language, or as otherwise appropriate to resolve this issue:

> (i) July 6, 2011 for Plan voting purposes, and (ii) the date provided for in the Confirmation Order on which the identity of the Holders of 1st <u>and 2nd</u> Tier Bond Claims shall be determined for Plan and distribution purposes.

In addition, the Debtor has not yet advised of its suggested record date and this must be reviewed.

5. <u>The Plan definition of "Bond Registrar" is inaccurate as it pertains to the 2nd Tier Bondholders</u>. Similarly, the 2nd Tier Bondholders are defined as the holders of the 2nd Tier Bonds "as identified on the bond registration books <u>of the Bond Registrar</u> on the Record Date." Plan, § 1.1.14 (emphasis added). The "Bond Registrar" is defined, "with respect to the 2nd Tier Bondholders," as "the 2nd Tier Trustee," which is defined as U.S. Bank. *See* Plan, §§ 1.1.44 and 1.1.17. However, Wells Fargo—not U.S. Bank—is the Bond Registrar for the 2nd Tier Bondholders. Accordingly, Plan Section 1.1.44 should be modified as follows:

> **Bond Registrar.** Shall mean (i) with respect to the 1st <u>and 2nd</u> Tier Bondholders, the 1st Tier Trustee; ~~(ii) with respect to the 2nd Tier Bondholders, the 2nd Tier Trustee~~; and ~~(iii)~~ <u>(ii)</u> with respect to the 3rd Tier Bondholders, the 3rd Tier Trustees.

6. Counsel for U.S. Bank is in discussions with, and has provided proposed language to, counsel for the Debtor concerning the issues raised in this response, and will continue to attempt a consensual resolution of these issues. Additionally, U.S. Bank has requested, but not received, verification that the Notice of Continued Confirmation Hearing re Debtor's Amended Plan of Reorganization (and Related Confirmation Procedures and Deadlines), and Final Hearing to Approve Disclosure Statement Amendment [Docket No. 969] (the "Confirmation Notice") was provided to the 2nd Tier Bondholders, as agreed by the Debtor in response to U.S. Bank's Motion for Reconsideration of Order Granting Debtor's Ex Parte Motion for Conditional Approval of

3

Amendment to Disclosure Statement to Accompany Debtor's Third Amended Plan of Reorganization, As Further Revised, Approval of Resolicitation of Classes 4 and 5 Regarding Debtor's Amended Plan and Ballots Therefore; and Related Matters [Docket No. 966]. Verification that the Confirmation Notice was given to the 2nd Tier Bondholders is needed so that the Court can determine that proper notice was provided.

WHEREFORE, for the foregoing reasons, U.S. Bank respectfully requests that (i) any order confirming the Plan address the issues raised herein, either by approving a Plan modified to address these issues or modifying the Plan in the confirmation order; and (ii) the Court grant such other and further relief as the Court deems just and proper.

*[Signatures on the next page]*

Dated: October 31, 2011

Respectfully submitted,

DORSEY & WHITNEY LLP
Katherine Constantine, Esq. (MN Bar No. 0123341)*
Patrick J. McLaughlin, Esq. (MN Bar No. 0071080)*

SYLVESTER & POLEDNAK, LTD.

By _____
Jeffrey R. Sylvester, Esq. (NV Bar No. 4396)
7371 Prairie Falcon Rd., Suite 120
Las Vegas, NV  89128

* Admitted *pro hac vice*

*Counsel for U.S. Bank National Association, as 2nd Tier Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of SYLVESTER & POLEDNAK, LTD. and that on the 31st day of October, 2011, I caused to be served a true and correct copy of the **RESPONSE OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, TO THE DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION, AS FURTHER REVISED** (for Creditor *U.S. Bank National Association, as 2nd Tier Trustee*), by ELECTRONIC SERVICE under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada. The above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

_____
An employee of SYLVESTER & POLEDNAK, LTD.